ST. LOUIS, B. & M. RY. CO. et al. v. Mc-
CLELLAN. (No. 5408.)

(Court of Civil Appeals of Texas. San Antonio.
Feb. 3, 1915.)

1. TRIAL ⬤⟹333—VERDICT—AMOUNT OF RE-
COVERY.

In a shipper's action for damages, a ver-
dict finding for plaintiff for $472.02, less freight
charges, but not stating the amount of the
freight to be deducted, was insufficient as a
general verdict, and did not justify a judgment
for plaintiff; the defect not being cured by
anything stated in the pleadings or the charge,
as the evidence could not be referred to, especial-
ly where the evidence would not have aided the
verdict.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 784, 786; Dec. Dig. ⬤⟹333.]

2. TRIAL ⬤⟹355 — VERDICT — SPECIAL FIND-
INGS—SUFFICIENCY.

In a shipper's action for damages to a ship-
ment of vegetables, alleged to have been worth
$472.02, after deducting freight charges, a spe-
cial finding that the shipment was worth $472.-
02, with no finding as to the freight charges, fur-
nished no basis for a judgment for plaintiff,
where it was apparent from the pleadings that
the freight had not been paid.

[Ed. Note.—For other cases, see Trial, Cent.
Dig. §§ 846–848; Dec. Dig. ⬤⟹355.]

3. JUDGMENT ⬤⟹251—CONFORMITY TO PLEAD-
INGS—SPECIAL FINDINGS.

In an action for damages to a shipment of
vegetables, where the only negligence alleged was
the failure to keep the car properly iced, spe-
cial findings that no negligence occurred until
after the shipment reached its destination, and
that the damages occurred through negligence
in failing to advise the shipper's agent of the
amount of the freight charges, thus causing a
delay in delivery, entitled defendants to judg-
ment in their favor.

[Ed. Note.—For other cases, see Judgment,
Cent. Dig. § 437; Dec. Dig. ⬤⟹251.]

4. CARRIERS ⬤⟹177 — LOSS OR INJURY TO
GOODS—LIABILITY FOR NEGLIGENCE OF CON-
NECTING CARRIERS.

Where a shipper, after delivering a ship-
ment to a carrier for transportation over its lines
and the lines of the M. Company to Ft. Worth,
concluded to send the shipment to Denver and
wired the M. Company to deliver the shipment
at Ft. Worth to the F. Company, neither the in-
itial carrier nor the M. Company were liable
for any negligence occurring after such delivery
to the F. Company.

[Ed. Note.—For other cases, see Carriers,
Cent. Dig. §§ 775–789, 791–803; Dec. Dig. ⬤⟹
177.]

Appeal from Hidalgo County Court; James
H. Edwards, Judge.

Action by W. H. McClellan against the St.
Louis, Brownsville & Mexico Railway Com-
pany and others. From a judgment for plain-
tiff, defendants appeal. Reversed and ren-
dered.

Graham, Jones, West & Dancy and J. C.
George, all of Brownsville, for appellants.
Alex. Wheless, of Mercedes, for appellee.

MOURSUND, J. Appellee, on May 7, 1913,
sued the St. Louis, Brownsville & Mexico
Railway Company for damages alleged to
have been sustained because of damage to a

car of vegetables shipped from Donna, Tex., on
or about May 19, 1909, and which arrived at
Denver, Colo., on or about June 1, 1909.
Thereafter plaintiff amended twice, and said
Railway Company filed its original answer and
first amended original answer. On February
28, 1914, plaintiff filed his third amended
original petition, making appellants, the Mis-
souri, Kansas & Texas Railway Company of
Texas, the Ft. Worth & Denver City Railway
Company, and the Colorado & Southern Rail-
way Company, additional parties defendant.
In said petition plaintiff alleged that the car
of vegetables was transported over the lines
of all the defendants; that in accepting said
shipment the St. Louis, Brownsville & Mex-
ico Railway Company acted as the agent of
and for the other defendants, and that all
of said defendants acted as and were part-
ners in said shipment, and each is liable to
plaintiff; that when the car was loaded he
informed said St. Louis, Brownsville & Mex-
ico Railway Company that he wished to ship
the same to Ft. Worth, Tex., and subsequently
to Denver, Colo., and said defendant under-
took and agreed to transport the same for
plaintiff, and issued its bill of lading, where-
by the defendants undertook and agreed to
transport the car to Ft. Worth, Tex., and sub-
sequently to Denver, Colo., in a reasonable
time, and to keep the car properly iced and
packed with ice; that the car arrived at Den-
ver on or about June 1, 1909, and when it
reached its destination there was no ice in it,
and "that by the failure of the defendant to
properly ice and keep iced the said car until
its arrival at its destination, the vegetables
were spoiled and became worthless and were
of no market value, because of the negligence
of the defendants in not keeping the car
properly iced, as it had agreed and bound it-
self to do, and that the defendants thereby
breached their contract and the promises
stipulated in the said bill of lading." Then
the damage suffered was specifically set out,
and facts averred by which plaintiff sought
to excuse his delay in filing suit.

The case went to trial upon said third
amended original petition, and upon an amend-
ed answer filed by all defendants jointly. This
answer, by special exceptions and plea, set
up the two and four year statutes of limita-
tions, and alleged that the only contract
made was to transport the car to Ft. Worth,
and not to Denver; that such contract was
made by the St. Louis, Brownsville & Mex-
ico Railway Company, and therein it limited
its liability to damages occurring on its own
line; that it promptly transported the car to
Ft. Worth, and the shipment arrived there in
good condition; that no agreement to keep
the car iced was embraced in the bill of lad-
ing, nor in the contract of any of the defend-
ants; that the damage, if any occurred, was
caused by the failure of plaintiff's agent to
accept the car and unload it after it reached

⬤⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Denver. Defendants also denied all allegations of partnership made by plaintiff, and denied that either was the agent for the other in regard to said shipment, and pleaded that the bill of lading provided that suits for damages on account of the transportation of the shipment must be brought within two years after the cause of action accrued, and that said provision was reasonable, and was not complied with by plaintiff. The case was submitted upon special issues, but the only issue of negligence pleaded was never directly submitted to the jury. On the contrary, they were asked:

"Was plaintiff's damage caused by any negligence on the part of the defendants, or either of them, and, if so, in what did said negligence consist?"

The jury answered:

"Damage occurred to car while standing on team track at Denver waiting for information on freight charges."

The further question was asked:

"If in answer to the last preceding question you have stated that either of the railway companies were guilty of negligence which caused plaintiff's damages sued for herein, and you have also stated in what said negligence consisted, then you will state whether said act or acts of negligence were committed before or after the said shipment arrived at Ft. Worth and was delivered to the Ft. Worth & Denver City Railway Company?"

To which the jury replied:

"After arriving at Denver."

In answer to a question concerning the difference in value in the condition the shipment was in and the condition it would have been but for the negligence, the jury said:

"The car, on arriving at Denver, was worth $472.02; but, owing to negligence of company to give freight charges, the contents sold for $70, a difference of $402.02."

The jury also found that the bill of lading under which the shipment was carried from Donna to Ft. Worth had no clause in it requiring the railway companies to keep the car properly iced. At plaintiff's request the following double issue was submitted:

"Is the plaintiff's cause of action based upon a written contract? and, if you say that it is, did the defendants, or either of them, negligently fail to keep the car properly iced until the car arrived at destination?"

The jury answered, "No," which either meant there was no written contract, or no negligence, such as was pleaded.

[1-3] The court also at plaintiff's request submitted the following question:

"If you believe from the evidence that the plaintiff is entitled to recover as sued for, you will so state in your verdict."

The jury appended the following general verdict:

"We, the jury, decide in favor of plaintiff, that he may have amount sued for, $472.02, with interest at 6 per cent. until paid, less freight charges from Donna, Tex., until paid."

This request for a general verdict should not have been submitted; but the court did not render judgment thereon, and could not have done so, because it did not state the amount of the freight to be deducted, and was therefore insufficient as a general verdict, and the defect was not cured by anything stated in the pleadings or charge. Houston Packing Co. v. Griffith, 164 S. W. 431. The evidence cannot be referred to; but, if it could, no aid would be found there, as the amount of freight was not proved. The court rendered judgment for plaintiff for $402.02, evidently upon the special finding that the car was worth $472.02 when it got to Denver, and sold for $70. Plaintiff alleged that the vegetables, had they arrived at Denver in good condition, would have been worth $472.02, after deducting the freight. The jury found they were worth $472 when they arrived there, without saying anything about freight, so it will be seen that such answer furnished no basis for judgment, as it is apparent from the pleadings that the freight had not been paid. Not only does the verdict fail to support the judgment rendered, but it goes further, and finds facts which necessitate the rendition of judgment for the appellants. The verdict is a finding that no negligence occurred until after the car reached Denver, and consisted in failing to report amount of freight charges, and therefore acquits appellants of the only charge of negligence made in plaintiff's petition, namely, failure of defendants to properly ice the car and keep same iced until its arrival at destination. The only contention made in appellee's brief is that the negligence of the companies to report their freight charges caused a delay of 11 days in delivery after the car reached Denver, and that such negligence caused the damages. No such negligence is pleaded.

[4] It further appears that defendant's request for a peremptory instruction should have been granted. Plaintiff shipped the vegetables consigned to himself upon a bill of lading calling for the transportation by the St. Louis, Brownsville & Mexico Railway Company and the Missouri, Kansas & Texas Railway Company of Texas from Donna to Ft. Worth, Tex. A day or so afterwards he concluded he could sell to better advantage at Denver, and wired the agent of the Missouri, Kansas & Texas Railway Company to deliver the shipment at Ft. Worth to the Ft. Worth & Denver City Railway Company, and wired the Colorado & Southern Railway Company that such shipment would be delivered to it, and for it to deliver the same to Powell Brokerage Company at Denver. It is not shown that the St. Louis, Brownsville & Mexico Railway Company was notified of the sending of such request. The jury found that the Ft. Worth & Denver City and Colorado & Southern Railway Companies did not recognize, acquiesce in, or act upon the contract of shipment so made at Donna, and in fact there is no evidence that they did. But, if they had done so, by what would the liability of the St. Louis, Brownsville & Mexico Railway Company have been

extended further than its contract called for? Surely its rights are not affected by the compliance of the Missouri, Kansas & Texas Railway Company with plaintiff's request to deliver the car to the Ft. Worth & Denver City Railway Company. It and the Missouri, Kansas & Texas Railway Company of Texas were not interested in the haul from Ft. Worth to Denver, and not responsible for any negligence occurring after delivering the car to another carrier as requested by plaintiff. There was evidence tending to show insufficient icing, but this was with reference to the condition of the car upon its arrival at Denver, and the evidence wholly fails to show that the car was not kept properly iced while in the control of the two railroads which hauled it to Ft. Worth, nor is there any evidence that the shipment was not in good condition when it arrived at Ft. Worth.

Appellee admits in his brief that the St. Louis, Brownsville & Mexico Railway Company was not guilty of any negligence in the transportation, but says it was guilty of negligence in failing to forward its freight bills to Denver City. Had this been pleaded, we would be compelled to find against appellee on the issue, because the evidence does not show which carrier was negligent in this respect; it merely showing that the Colorado & Southern Railway Company could not or would not tell the Powell Brokerage Company the amount of the freight charges.

There was no evidence upon which a verdict could have been sustained against the St. Louis, Brownsville & Mexico Railway Company. The cause of action pleaded was barred by the four-year statute of limitation in so far as it was sought to be asserted against the other three carriers, and the excuses offered were not sufficient in law to excuse the delay in filing suit.

The judgment is reversed, and judgment rendered that plaintiff take nothing by his suit.